UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCKY U, LLC<br>*Plaintiff*,<br><br>*v.*<br><br>S&F INVESTMENTS, LLC, A&V PETROLEUM, LLC and FADI QUMBARGI<br><br>*Defendants.* | Civil No. 3:21cv931 (JBA)<br><br>August 18, 2021 |

**RULING GRANTING S&F INVESTMENTS LLC'S MOTION TO REMAND**

Plaintiff Lucky U, LLC ("Lucky U") brought an action against Defendants for breach of contract, failure of contract, an illusory contract, violations of the Connecticut Unfair Trade Practices Act, negligence, accounting, debt, and fraud. (Compl. ¶¶ 23-96.) Plaintiff also requests a declaratory judgment and recission/reformation of an agreement. (*Id.* ¶¶ 13-22; 58-65.) In addition, Lucky U removed a summary process eviction action (Case No. DBD-CV-21-6040068-S) brought by S&F Investments, LLC ("S&F") from the Superior Court of Connecticut. (Notice of Removal [Doc. # 7].) S&F now moves to remand the summary process action. (Mot. to Remand [Doc. # 9] at 1.)

**I.    Background**

Lucky U is a limited liability company organized under the laws of Connecticut with two members: a citizen of India residing in Connecticut and a citizen of the United States residing in Connecticut. (Notice Pursuant to Re: Standing Order on Removed Cases [Doc. # 20] ¶ 3.) Plaintiff Lucky U filed a federal diversity action on July 7, 2021. (Compl. at 1.) Thereafter, Lucky U, the defendant in a Connecticut summary process action brought by S&F, removed the state eviction action to federal court under the same case docket number as its diversity action. (Notice of Removal [Doc. # 7] at 1-5.) In that state court action, S&F sought immediate possession of the leased property, use and occupancy payments, and other just

or equitable relief. (*Id.*) Defendant S&F argues that the case cannot be removed as no money damages are claimed. (Mot. to Remand [Doc. # 9] at 2.) Lucky U counters that the Court should not remand the action because the requirements of 28 U.S.C. § 1332 are satisfied and the Court may exercise supplemental jurisdiction over the summary process action. (Obj. to Mot. to Remand [Doc. # 15]¹ at 2-3.)

## II.   Discussion

"Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Comm. Workers Union v. CenterMark Props. Meriden Square,* 30 F.3d 298, 301 (2d Cir. 1994). A case may be removed to a federal court only if it could have been brought there initially; in other words, the case must fall under the court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1441 allows a case to be removed to federal court based on federal question jurisdiction or diversity jurisdiction. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019). "But where, as here, the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, 'the forum defendant rule applies.'" *See id.* (quoting *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)). That rule provides that an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also U.S. Bank, Nat'l Ass'n as Tr. for Bear Sterns Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-CV-1710 (CSH), 2019 WL 2185725, at *5 (D. Conn. Mar. 26, 2019) ("[I]f any defendant is a citizen of Connecticut, the action may not be removed to the District of Connecticut.").

---

¹ Lucky U filed two versions of its Objection to the Motion to Remand [Doc. ## 14-15]. The first is unsigned while the second is signed.

Here, Lucky U acknowledges that it is a citizen of Connecticut in its Notice Pursuant to the District of Connecticut's Standing Order on Removed Cased [Doc. # 20]. A limited liability corporation takes the citizenship of its members for purposes of diversity jurisdiction, *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000), and Lucky U is comprised of a member that is a "citizen of the United States and a resident of the State of Connecticut," (Notice Pursuant to Re: Standing Order on Removed Cases [Doc. # 20] ¶ 3). Because at least one of Lucky U's constituent members is a resident of Connecticut, the state where the underlying eviction action was brought, Lucky U cannot remove the dispute to this Court based on diversity jurisdiction.

Further, Lucky U's argument that the Court should retain jurisdiction over this matter through supplemental jurisdiction is unavailing. According to Lucky U, S&F's state court eviction action is sufficiently related to Lucky U's federal diversity action to permit the Court to exercise jurisdiction pursuant to 28 U.S.C. § 1367. (Pl.'s Obj. to Mot. to Remand [Doc. # 15] at 3-4.) But the state eviction action is not removable based on diversity of citizenship and supplemental jurisdiction is not an "independent source of removal jurisdiction." *See McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) ("Almost every single authority to address [whether a case may be removed through supplemental jurisdiction] has concluded that the supplemental jurisdiction statute cannot be used in this manner"). Accordingly, as "an already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action," *In re Estate of Tabas*, 879 F. Supp. 464 (E.D. Pa. 1995), the Court cannot retain jurisdiction over the removed action.

Based on the foregoing, Lucky U has not satisfied its burden of establishing that removal was proper. Accordingly, S&F's motion [Doc. #9] to remand to state court is GRANTED. The Clerk is directed to remand *S&F Investments, LLC v. Lucky U, LLC*, Case No. DBD-CV-21-6040068-S, to the Judicial District of Danbury at Danbury.

        IT IS SO ORDERED.

        /s/
        Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of August 2021.